THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWIN W. FISKE, Relator, *v.* THE INSPECTORS OF ELECTION OF CERTAIN DISTRICTS OF THE CITY OF MOUNT VERNON, Respondents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD F. BRUSH, Relator, *v.* THE INSPECTORS OF ELECTION OF CERTAIN DISTRICTS OF THE CITY OF MOUNT VERNON, Respondents.

(Supreme Court, Westchester Special Term, December, 1917.)

Election Law, as amended by Laws of 1917, chapter 815 — mandamus — writ of in proceedings relating to soldiers' votes — validity of certain ballots.

Upon an application for a writ of mandamus in a proceeding relating solely to soldiers' votes, questions with reference to the procedure under the Election Law as amended by chapter 815 of the Laws of 1917 and as to the validity of certain ballots considered, and *held*, that no ballot should be rejected as void where the intent of the voter was clearly apparent.

APPLICATION for a writ of mandamus.

George H. Taylor, Jr., Jeremiah D. Toomey and J. Henry Esser, for Edward F. Brush.

Frank A. Bennett and Arthur M. Johnson, for Edwin W. Fiske.

TOMPKINS, J. My conclusions in these matters, which relate solely to soldiers' votes under the Election Law, have been hastily reached, and necessarily so because they were all submitted to me late on Monday afternoon, and it seems necessary that some of the questions be decided in time for the reconvening of the board of

county canvassers on Wednesday, with Christmas Day intervening.

The Diefendorf ballot was disposed of on the argument, and the court now adheres to that decision, which was that the inspectors of election of district No. 5 should deliver the sealed envelope containing that ballot to the inspectors of district No. 4, in which concededly the soldier resided and had a right to vote, and that the inspectors of district No. 4 should reconvene and canvass said vote, and make a supplemental return thereof. This seems to me the proper disposition of this ballot. By mistake it went to district No. 5, and when it was found by the inspectors in that district the envelope containing the ballot was not opened, and the ballot was not canvassed because it was known that the soldier was not a voter in that district; the envelope was preserved intact, and in that form the court directed that it be delivered to the inspectors of district No. 4 to be opened, canvassed, tallied and returned.

A ballot in district No. 4 of the fourth ward was not counted by the inspectors in that district because the right of the voter, Louis Caridieo, was challenged by an affidavit filed with said inspectors, which alleged upon information and belief that the soldier was not of lawful age. It was the duty of the board of inspectors to judicially determine whether this soldier was a qualified voter, and such a determination was never made. The inspectors simply received the affidavit which was in the nature of a challenge, and did not pass upon the voter's qualifications, and my opinion, as expressed from the bench yesterday, to the effect that it was the duty of the inspectors to rule upon the challenge and then receive or reject the vote, and if received to count it for the candidates voted thereon, and if it were determined that the soldier had not a right to vote then to

destroy the ballot, is confirmed by my subsequent consideration of the case.   An order will therefore be made directing the inspectors of this district to reconvene and determine whether Caridieo was a qualified voter, and if he was to count the ballot and make a supplemental return thereof.

The return of the inspectors from district No. 3 of the third ward shows eight votes for Brush and five for Fiske.   The claim is now made on behalf of Fiske, and is supported by the affidavits of the two inspectors, that an error was made in returning these votes, and that as a matter of fact Fiske had eight votes and Brush five; and it is sought in this mandamus proceeding to compel a correction of the returns.   The General Election Law gives the county canvassers a right to summon the district inspectors of election for the correction of clerical errors.   This, however, refers only to errors that may appear upon the face of the returns or tally sheet, or both; and undoubtedly the board of county canvassers can be compelled by mandamus to summon district inspectors for the purpose of making such corrections, but in this instance no error or omission appears upon the face of the returns or the tally sheet.   The claim is made in the first instance by the district inspectors, and they say that they made a mistake, but they are not permitted to impeach their own return, nor has the court power in this proceeding to direct the opening of the ballot box, and a recount of the ballots.   The relator's only remedy is by an action in quo warranto, and to lay the basis for such an action he may, upon proper application to the court, obtain an order for the opening of the ballot box and an inspection and examination of its contents.

It seems to me that there ought to be a simpler, quicker and less expensive method of correcting an error of this character than a quo warranto action,

which requires the consent of the attorney-general, and involves the delay and uncertainty incident to a jury trial, and it was for that reason that I suggested at the hearing yesterday that all technicalities and obstacles should be laid aside, and the court on this application be given power to direct the opening of this ballot box, for an accurate counting and return of the ballots.

The application for a writ of mandamus with respect to this district will therefore be denied.

Next we have three ballots from the second district of the fourth ward, which were counted for Fiske. These ballots were protested and are properly before the court under section 381 of the Election Law. One of these ballots has written upon it in lead pencil in the left hand corner of the top of the ballot the following: " I, Patrick W. McCarthy, of 7 Short Street, Mt. Vernon, N. Y. votes the straight democratic ticket. Patrick W. McCarthy, 7 Short street, N. Y." In a blank space above the block at the foot of the second column headed " city offices " is written in lead pencil, " I vote the straight democratic ticket of Mt. Vernon, N. Y., Patrick W. McCarthy, 7 Short street, Mt. Vernon, N. Y;" and in the blank space under the heading " city offices," the voter has correctly written the name " Edwin W. Fiske " in the blank space for mayor, so that this ballot would unquestionably be a good vote for Fiske were it not for the writings and marks upon it indicating that it was voted by Patrick W. McCarthy; and under the General Election Law it would be void as a marked ballot; and the question is whether any different rule should be applied to the votes of soldiers and sailors under chapter 815 of the Laws of 1917. That law provides, " After all such votes shall have been cast, said board of inspectors of election shall immediately proceed to canvass the same as provided by law, except that no ballot shall be

Supreme Court, December, 1917. [Vol. 102.

rejected as void where the intent of the voter is clearly apparent.'' Under this provision of the Soldiers and Sailors Law, it seems to me that this vote must be counted for Edwin W. Fiske, because the intent of the voter '' is clearly apparent.'' I know of no method by which McCarthy could have more clearly and positively made known his intention to vote for Mr. Fiske for mayor. He declared his intention in three separate and positive statements upon the ballot. Apprehensive, perhaps, that his intention might not be clearly manifested by writing the candidate's name in the blank space provided for that purpose, he emphasized his choice and reiterated it by writing in two other places upon the ballot his intention to vote for the democratic candidates of which Mr. Fiske was one; and the law says that '' No ballot shall be rejected as void where the intent of the voter is clearly apparent.'' My interpretation of those words is that no ballot, which under the General Election Law would for any reason be void, shall be rejected under this law, if the intention of the voter is clearly apparent. The application of the relator Brush with respect to this ballot will therefore be denied.

One of the other two protested ballots in this district has a vote upon it for Edwin W. Fiske for superintendent of the poor and no vote for the office of mayor, and the other has upon it a vote for Ed. W. Fiske for the office of city chamberlain and no vote for the office of mayor. I think the inspectors erred with respect to these two ballots. There is no vote for the office of mayor. Upon both ballots there are proper marks for several other candidates upon the ticket, showing the intelligence of the voters, and their ability to express their intention by proper voting marks; and the sense of humor of one of them is apparent from the fact that he wrote in the name of a layman for county judge,

when no such officer was to be elected, and the name of another layman for the office of surrogate, when no such officer was to be chosen. I think it would be going too far for election inspectors or the court to say that an elector intended to vote for a candidate for mayor where his name is distinctly written in the space provided for an entirely different office, even though there may be no election at that time for such office. There are upon these official war ballots many county, town and city offices that were not voted for at the recent election, but for which blank spaces appear upon the ballot, and to count a vote for a candidate for mayor of a city where a name is written in the space provided for county superintendent of the poor would be no more reasonable than to count for such mayoralty candidate a vote written in the space provided for a town constable or any other town office entirely outside of the city. I think it cannot be properly said that the intention of these two electors is " clearly apparent," and the petition of the relator Brush to have these ballots declared void will be granted.

In district No. 5 of the second ward there is a protested ballot which was counted for Mr. Fiske. It was protested on behalf of the republican candidate because the oath of the soldier had not been taken by an inspector at the army camp. The oath on the envelope was filled out apparently in the voter's handwriting, and signed by him. The only thing lacking is the name of the inspector of election who should have administered the oath, and the day of the month in the jurat. I think the district inspectors were right in canvassing and counting this ballot. The right of the soldier to vote in that district was not challenged and there is no claim now that he was not a legally qualified voter of the district, and the ballot was protested solely

Supreme Court, December, 1917.      [Vol. 102.

on the ground that the jurat on the envelope was not filled out and signed by the inspector of election before whom the voter should have sworn to the affidavit. The voter filled out and signed the affidavit, and I think it should be assumed that he swore to it, before the proper officer, and that that officer neglected to sign his name to the jurat. At all events, I think the ground of protest is technical, and that the soldier ought not to be deprived of his vote on that ground; and here again we have an application of the words of the statute that "no ballot shall be rejected as void where the intent of the voter is clearly apparent." And also that other provision contained in section 512, which reads: "No mere informality in the manner of carrying out or executing the provisions of this article shall invalidate the election held under the same or authorize the rejection of the returns thereof; and the provisions of this article shall be liberally construed for the purposes herein expressed or intended."

The petition of the relator Brush with respect to this ballot will be denied.

In district No. 1 of the third ward there was a ballot cast for "Dr. Brush" which was counted by the inspectors for the relator Edward F. Brush, and the relator Fiske now seeks to have that declared a void ballot. This application must be denied, because the ballot was not protested and is therefore not subject to review in this proceeding; and besides the inspectors properly credited the vote to the relator Brush because it is clearly apparent that that was the intention of the voter, and the application of the relator Fiske with respect to this ballot will therefore be denied.

In the sixth district of the fourth ward there was one ballot marked for "Fiske" for mayor. The inten-

tion of this voter was, I think, clearly manifest, and
I think the inspectors ought to have given the vote to
Edwin W. Fiske, but they did not.   They returned it
to the county canvassers separately, and the relator
Fiske now asks that the court direct that he be given
credit for this vote; and the court would do it if it
had the power, but it has not the power for the reason
that it was not protested, and does not come before
the court now as a protested ballot, and for the reasons
already stated that ballot is not now the subject of
review in this proceeding, and can only be reviewed
in a quo warranto action.

   Ordered accordingly.